Barrows *v*. Capen.

---

## Thomas Barrows, Jr. *vs*. Oliver Capen.

An award in part void, because beyond the submission, is not wholly invalid, if the void part is clearly independent of the remainder, and forms no part of the consideration therefor.

Three partners submitted to arbitrators to determine the claims of each partner upon one another, and upon the firm, and *vice versa*.    The award in one clause determined that the defendant owed the plaintiff $1,000.    In another clause it provided how the outstanding debts should be paid, and the future collections divided.    *Held*, that if this last portion was beyond the submission, the whole award was not therefore void.

Assumpsit to recover $1,203.35 upon an award, dated March 16, 1850.    At the trial, before *Fletcher*, J. it appeared that the parties to this suit and one John D. Clapp had formerly been copartners under the name of Capen & company; that disagreements having arisen between them, they agreed to refer the subject to arbitration.    The submission was by parol, but the nature and extent of it were stated in a deposition offered in evidence, and also sufficiently appear in the award stated in the margin.*    The principal ground of defence

---

* Whereas Oliver Capen, John D. Clapp, and Thomas Barrows, Jr., late copart ners under the firm of Capen & company, have heretofore agreed to submit to us as arbitrators all disputes, differences, and difficulties arising out of the said partnership, and especially to award, settle, and determine of and in respect to the several claims of the said partners upon or against the said firm, or upon or against each other growing out of the said partnership, and the several claims and demands of the said firm against the said partners severally, and to make a final settlement thereof; and whereas we have met the said parties, and have heard and examined their respective allegations and proofs : Now having duly considered the same, we do award, adjudge, and determine as follows, viz :

was, that the arbitrators had exceeded their authority, espec-
ially in the fourth and fifth clauses of the award. A verdict
was rendered for the plaintiff, and the question of law was
reserved for the whole court.

C. M. *Ellis*, for the defendant.

A. H. *Fiske*, for the plaintiff.

BIGELOW, J. The main ground upon which the defendant
seeks to set aside the award, upon which the present action is
brought, is, that the arbitrators have exceeded their authority.
Assuming the fact to be so, it does not follow, that for this
reason the award is absolutely void. The more liberal doc-
trines, which have prevailed in modern times concerning the
construction and interpretation of awards, have materially
relaxed the ancient rigor of the law, and the old rule, by which
it was held that an award bad in part was bad for the whole,
has been long since modified. It is now the well settled rule,
that if the thing awarded to be done, which is bad, as
being beyond the submission, forms no part of the considera-
tion for, or element in the performance of that part which is
good as being within the submission, but is wholly distinct
and independent thereof, then the award can be separated, and
the bad part rejected, and that which is good held valid and

1. That the said Clapp is indebted to the said Capen in the sum of $556.19, and
to the said Barrows in the sum of $522.90, which the said Clapp is to pay to them
respectively on demand.

2. That the said Capen is indebted to the said Barrows in the sum of $1,203.35.
which he is to pay to him on demand.

3. That the aforesaid matters are in full settlement and adjustment of all claims
of the several partners on each other, or upon said firm, and of all claims and de-
mands of said firm upon them respectively.

4. That all sums which shall be hereafter realized or received from any of the
debts due the said partnership, shall be divided between the said partners in the
proportions provided for in the articles of partnership, to wit: the said Capen
thirteen fortieth parts thereof, the said Clapp thirteen fortieth parts thereof, and
the said Barrow fourteen fortieth parts thereof; provided, however, that in case
the said Clapp or said Capen, shall fail to pay the aforesaid sums awarded to be
paid by them respectively, all sums received from the said debts shall be applied
and appropriated in payment thereof.

5. That in case it shall appear that there are any debts owing by said partner-
ship, the same shall be paid by the said partners in the proportions named in the
last preceding article.      GEORGE R. RUSSELL, JOHN E. HAYNES, BENJAMIN
LINCOLN.

binding on the parties. It seems to us that the case at bar falls clearly within this principle. If the defendant is right in his construction of the submission, and if the arbitrators, as he contends, went beyond their authority, in the fourth and fifth clauses of the award, by their determination concerning the debts due to and owing by the firm, we can see no necessary connection between that portion of the award, and the matter included in clauses numbered one and two, which precede it. By the narrowest construction, it was the duty of the arbitrators to award concerning the claim of each of the copartners upon the firm and upon each other and upon the claims of the firm upon each of the partners severally. This required them to consider and determine upon the respective claims of the copartners upon each other, upon the firm, and of the firm upon each of the copartners at the time of the award. In doing this, it would not necessarily be requisite to inquire and ascertain what debts were due to or owing by the firm. The essential subject of inquiry by the arbitrators was into the accounts of the copartners with the firm and each other, but not into the debts owing to the firm from third persons or from the firm to third persons. That was a separate, independent matter, which could not affect the accounts of the partners between themselves or beween them and the firm, nor could it properly enter into and form part of the consideration upon which the award of the sums due from Clapp to Capen and from Capen to Barrows, was based. Certainly, it is not shown that there was any connection between these two subjects of inquiry. The defendant himself correctly states the true posture of the case on this point in his brief, when he says, that the articles of copartnership expressly provided how the accounts of the firm were to be made up, the profit and loss divided, and the business finally terminated and the firm dissolved. The submission provided for none of these, but only for the existing disputes and differences betwixt the partners, and was limited, in fact, to their mutual accounts; upon these last the award is full and complete. They are shown to have no necessary connection with the other matters contained in the award, but seem to be wholly separate from

and independent of them.   In these particulars, the award, *primâ facie*, would have been the same, whether the outstanding debts due to and from the firm were taken into consideration or not.   Rejecting, therefore, all that part of the award to which the defendant objects as being void for an excess of authority by the arbitrators, there is still left, wholly distinct and independent of it, that portion of the award, upon which the present action is brought, clearly within the submission, and valid and binding on the parties.

Upon examination of the testimony submitted to us, we are strongly inclined to the opinion, that the arbitrators did not go beyond their authority in awarding upon the matters contained in the fourth and fifth clauses of this award, and that they have executed this part of their authority with sufficient certainty and finality.   Besides; in this part of their award, they seem to have done little else than to declare the legal rights of the parties, as they would have stood without any award by them.   But it is unnecessary to go into a detailed examination of the case on this point, because, for the reasons already given upon the first ground of exception, we are of the opinion that there must be

*Judgment on the verdict.*